UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:_____

MARIA SOLORZANO,

    Plaintiff,

vs.

INCAVIT USA, LLC,
a Florida Limited Liability Company,
RICARDO VITERI, individually and
NORMA FLORES

    Defendant.
_____/

## COMPLAINT

Maria Solorzano ("Plaintiff"), by and through the undersigned counsel, hereby sues Incavit USA, LLC ("Incavit"), Ricardo Viteri ("Viteri") and Norma Flores ("Flores") (jointly "Defendants") and alleges as follows:

### INTRODUCTION

1. This is an action for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff seeks damages in excess of this court's jurisdiction requirements, reasonable attorneys' fee and costs, and all other remedies allowable by law.

### PARTIES, JURISDICTION, AND VENUE

3. Incavit is and was a Florida limited liability company conducting business in Miami-Dade County.

4. During the relevant period, Viteri was an owner and managing member of Incavit.

5. During the relevant period, Flores was an owner and manager of Incavit.

6. Plaintiff was formerly employed by Defendants and performed work for Defendants in Miami-Dade County, Florida.

7. Venue is proper in this Court because Defendants transact business in Miami-Dade County, Defendants employed Plaintiff in Miami-Dade County, and the claims arose within Miami-Dade County.

## GENERAL ALLEGATIONS

**A. Defendants' Business and Interstate Commerce.**

8. Incavit is and was a Florida limited liability company providing its clients with supply chain management and specialized transportation services.

9. Upon information and belief, Defendants provide products and services throughout the United States and internationally.

10. Defendants advertise products and services to the entire United States, through their website.[1]

11. Upon information and belief, Incavit's annual volume of sales or business exceeded $500,000 for each year during the relevant period.

12. At all relevant times, Incavit employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

---

[1] http://www.incavitusa.com/procuring.html

13. Upon information and belief, Incavit obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

14. Incavit, accepts credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

15. Defendants are employers engaged in interstate commerce and subject to the FLSA.

**B. Defendants' Employment of Plaintiff.**

16. Plaintiff became employed by Defendants in or around April of 2016.

17. Plaintiff performed her duties in accordance with the directions and guidelines set forth by Defendants.

18. Plaintiff separated from employment with Defendants on or around January 30, 2019.

19. Defendants were Plaintiff's employers during the relevant period as the term employer is defined by 29 U.S.C. § 203.

**C. Plaintiff Consistently Worked Hours For Which She Was Not Properly Compensated.**

20. Plaintiff relocated from Ecuador to begin working for Defendants.

21. For almost three years, Defendants did not pay Plaintiff <u>any</u> wages, with the exception of approximately two checks.

22. Plaintiff worked for Defendants for roughly one hundred and forty-eight (148) weeks without <u>any</u> compensation.

23. Additionally, during the time Plaintiff worked for Defendants, Plaintiff would, at times, work over forty (40) hours a week.

24. Defendants also failed to compensate Plaintiff at the rate of time-and-a-half for all hours worked over forty (40) in a given workweek.

25. Defendants failed to keep accurate records of the hours worked by Plaintiff.

26. Defendants' FLSA violations were willful and intentional.

## COUNT I
## MINIMUM WAGE VIOLATION BY INCAVIT UNDER THE FAIR LABOR STANDARDS ACT

27. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 26 above as if fully set forth herein.

28. As part of its business, Incavit purchased goods and materials that traveled through interstate commerce. These goods and materials were regularly handled by two or more employees and/or resold by Incavit to customers during the relevant period.

29. Incavit obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

30. Incavit, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed outside the state of Florida during the relevant period.

31. Incavit was an employer engaged in interstate commerce and subject to the FLSA during the relevant period.

32. During Plaintiff's employment with Incavit, Incavit paid Plaintiff less than the standard minimum wage required by the FLSA.

33. In addition to the back pay owed, Incavit is liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Incavit under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT II
## MINIMUM WAGE VIOLATIONS BY VITERI UNDER THE FAIR LABOR STANDARDS ACT

34. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 26 above as if fully set forth herein.

35. During the relevant period, Viteri was a managing member and owner and operator of Incavit.

36. During the relevant period, Viteri operated the day-to-day activities of Incavit, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

37. Viteri was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

38. During Plaintiff's employment with Defendants, Viteri paid Plaintiff less than the standard minimum wage required by the FLSA.

39. Viteri has failed to compensate Plaintiff in accordance with the FLSA's minimum wage requirements.

40. In addition to the back pay owed, Viteri is liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Viteri under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

### COUNT III
### MINIMUM WAGE VIOLATIONS BY FLORES UNDER THE FAIR LABOR STANDARDS ACT

41. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 26 above as if fully set forth herein.

42. During the relevant period, Flores was a managing member and owner and operator of Incavit.

43. During the relevant period, Flores operated the day-to-day activities of Incavit, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

44. Flores was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

45. During Plaintiff's employment with Defendants, Flores paid Plaintiff less than the standard minimum wage required by the FLSA.

46. Flores has failed to compensate Plaintiff in accordance with the FLSA's minimum wage requirements.

47. In addition to the back pay owed, Flores is liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of her intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Flores under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

### COUNT IV
### OVERTIME VIOLATION BY INCAVIT UNDER THE FAIR LABOR STANDARDS ACT

48. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 26 above as if fully set forth herein.

49. Upon information and belief, Incavit provides products and services for clients throughout the United States and internationally.

50. Upon information and belief, Incavit's annual volume of sales or business exceeded $500,000 for each year during the relevant period.

51. At all relevant times, Incavit employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

52. Upon information and belief, Incavit obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

53. Incavit, upon information and belief, accepts credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

54. Incavit is an employer engaged in interstate commerce and subject to the FLSA.

55. During her employment with Incavit, Plaintiff worked overtime hours for which she was not compensated at a rate of time-and-a-half her regular rate of pay as required by the FLSA.

56. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

57. In addition, Incavit is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Incavit under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT V
## OVERTIME VIOLATION BY VITERI UNDER THE FAIR LABOR STANDARDS ACT

58. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 26 above as if fully set forth herein.

59. During the relevant period, Viteri was an owner, managing member, and operator of Incavit.

60. During the relevant period, Viteri operated the day-to-day activities of Incavit, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

61. Viteri was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

62. During Plaintiff's employment with Defendants, Plaintiff worked overtime hours for which Plaintiff was not compensated at a rate of time-and-a-half Plaintiff's regular rate of pay as required by the FLSA.

63. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

64. Viteri is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment against Viteri under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT VI
## OVERTIME VIOLATION BY FLORES UNDER THE FAIR LABOR STANDARDS ACT

65. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 26 above as if fully set forth herein.

66. During the relevant period, Flores was an owner, manager and operator of Incavit.

67. During the relevant period, Flores operated the day-to-day activities of Incavit, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

68. Flores was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

69. During Plaintiff's employment with Defendants, Plaintiff worked overtime hours for which Plaintiff was not compensated at a rate of time-and-a-half Plaintiff's regular rate of pay as required by the FLSA.

70. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

71. Flores is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment against Flores under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated:  May 16, 2019

        Respectfully submitted,

        *s/ J. Freddy Perera*
        J. Freddy Perera, Esq.
        Florida Bar No. 93625
        freddy@pererabarnhart.com
        Valerie Barnhart, Esq.
        Florida Bar No. 88549
        valerie@pererabarnhart.com
        Brody M. Shulman, Esq.
        Florida Bar No. 092044
        brody@pererabarnhart.com
        Waynice A. Green-Musgrove, Esq.
        Florida Bar No. 116175
        waynice@pererabarnhart.com
        **PERERA BARNHART, P.A.**
        12555 Orange Drive, Second Floor
        Davie, Florida 33330
        Phone: 786.485.5232
        *Attorneys for Plaintiff*